# UNITED STATES DISTRICT COURT
for the

Eastern Division of Wisconsin

U.S. DISTRICT COURT
EASTERN DISTRICT - WI
FILED
2025 AUG 11 A 9:55
CLERK OF COURT

Sharon Rochelle Birkley
*Plaintiff(s)*
(Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)

-v-

Amazon Com Services LLC
*Defendant(s)*
(Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)

Case No. 25-C 1186
*(to be filled in by the Clerk's Office)*

Jury Trial: (check one) ☒ Yes ☐ No

## COMPLAINT FOR EMPLOYMENT DISCRIMINATION

### I. The Parties to This Complaint

#### A. The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

Name: Sharon Rochelle Birkley
Street Address: 7939 W Kathryn Ave
City and County: Milwaukee, Milwaukee
State and Zip Code: WI 53218
Telephone Number: 414-940-2378
E-mail Address: birkley98@yahoo.com

#### B. The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title *(if known)*. Attach additional pages if needed.

Defendant No. 1
- Name: Amazon.com Services LLC
- Job or Title (if known): FC Associate 1 L1
- Street Address: W232 N2950 Roundy Circle E
- City and County: Pewaukee, Waukesha
- State and Zip Code: WI, 53072     SWI1
- Telephone Number:
- E-mail Address (if known): rickiano@amazon.com

Amazon.com Services LLC
PO Box 80726, Seattle WA 98108

Defendant No. 2
- Name:
- Job or Title (if known):
- Street Address:
- City and County:
- State and Zip Code:
- Telephone Number:
- E-mail Address (if known):

Defendant No. 3
- Name:
- Job or Title (if known):
- Street Address:
- City and County:
- State and Zip Code:
- Telephone Number:
- E-mail Address (if known):

Defendant No. 4
- Name:
- Job or Title (if known):
- Street Address:
- City and County:
- State and Zip Code:
- Telephone Number:
- E-mail Address (if known):

C. **Place of Employment**

The address at which I sought employment or was employed by the defendant(s) is

Name: Amazon com Services LLC/SWI1
Street Address: W232 N2950 Roundy Circle E
City and County: Pewaukee, Waukesha
State and Zip Code: WI, 53072
Telephone Number: rickiano@amazon.com

II. **Basis for Jurisdiction**

This action is brought for discrimination in employment pursuant to *(check all that apply)*:

[✓] Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (race, color, gender, religion, national origin).

*(Note: In order to bring suit in federal district court under Title VII, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

[ ] Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §§ 621 to 634.

*(Note: In order to bring suit in federal district court under the Age Discrimination in Employment Act, you must first file a charge with the Equal Employment Opportunity Commission.)*

[ ] Americans with Disabilities Act of 1990, as codified, 42 U.S.C. §§ 12112 to 12117.

*(Note: In order to bring suit in federal district court under the Americans with Disabilities Act, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

[ ] Other federal law *(specify the federal law)*:

[ ] Relevant state law *(specify, if known)*:

[ ] Relevant city or county law *(specify, if known)*:

### III. Statement of Claim

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A. The discriminatory conduct of which I complain in this action includes (check all that apply):

- [ ] Failure to hire me.
- [ ] Termination of my employment.
- [✓] Failure to promote me.
- [ ] Failure to accommodate my disability.
- [ ] Unequal terms and conditions of my employment. — disparate treatments
- [✓] Retaliation. Discriminatory bias
- [✓] Other acts (specify): Harassment, Hostile Work Environment

(Note: Only those grounds raised in the charge filed with the Equal Employment Opportunity Commission can be considered by the federal district court under the federal employment discrimination statutes.)

B. It is my best recollection that the alleged discriminatory acts occurred on date(s) _____

C. I believe that defendant(s) (check one):
- [✓] is/are still committing these acts against me.
- [ ] is/are not still committing these acts against me.

D. Defendant(s) discriminated against me based on my (check all that apply and explain):
- [✓] race — black
- [✓] color — Skin tone
- [✓] gender/sex — Female
- [ ] religion
- [ ] national origin
- [ ] age (year of birth) _____ (only when asserting a claim of age discrimination.)
- [ ] disability or perceived disability (specify disability)

E. The facts of my case are as follows. Attach additional pages if needed.

See attachment documents of 14 pages

See attachment Documents of 14 pages

*(Note: As additional support for the facts of your claim, you may attach to this complaint a copy of your charge filed with the Equal Employment Opportunity Commission, or the charge filed with the relevant state or city human rights division.)*

## IV. Exhaustion of Federal Administrative Remedies

A. It is my best recollection that I filed a charge with the Equal Employment Opportunity Commission or my Equal Employment Opportunity counselor regarding the defendant's alleged discriminatory conduct on *(date)*

10/04/2024

B. The Equal Employment Opportunity Commission *(check one)*:

☐ has not issued a Notice of Right to Sue letter.

☑ issued a Notice of Right to Sue letter, which I received on *(date)* May 12 2025

*(Note: Attach a copy of the Notice of Right to Sue letter from the Equal Employment Opportunity Commission to this complaint.)*

C. Only litigants alleging age discrimination must answer this question.

Since filing my charge of age discrimination with the Equal Employment Opportunity Commission regarding the defendant's alleged discriminatory conduct *(check one)*:

☐ 60 days or more have elapsed.

☐ less than 60 days have elapsed.

## V. Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

See on Next page ↓↓

**Sharon Rochelle Birkley**

vc

**AMAZON COM SERVICES LLC**

## I. Introduction and Background

1. This statement is submitted in support of my 90-day lawsuit against Amazon, outlining a severe and sustained **pattern of disparate treatment, Bias, harassment, and retaliation, toward my race black and sex female** coupled with **retaliatory discipline**, that I was subjected to during my employment.
2. My employment with Amazon commenced on [ June 2023 ] as a [ fc associate I L1 ]. I observed and was directly subjected to practices that consistently violated Amazon's stated policies, fostered a hostile work environment and bias, and demonstrably undermined my professional and personal well-being, resulting in **adverse impact** on my employment.

## II. Specific Instances of Protected Activity, Adverse Employment Actions, and Causation

This section details the specific events that form the basis of my claims, highlighting the direct link between my **protected activities** and the **adverse employment actions** taken against me, demonstrating clear **causation**.

**A. Disparate Treatment and Retaliation Regarding Cell Phone Use: A Pattern of Selective Enforcement and Undermining Evidence Collection**

1. On or about [ september 4 2024 ], around time 12:52am I used my personal cell phone to photograph the stand-up board. This action was taken in a designated safe zone, away from my immediate workstation, a location frequently used for team meetings and discussions.
2. The explicit purpose of taking these photographs was to **secure crucial evidence**: to identify the names, races, and nationalities of individuals, including specific leadership personnel, who were actively engaged in a **pattern of disparate treatment, Bias, harassment, Retaliation and hostile behavior toward my race black and sex female** directed towards me. This act of collecting evidence for a potential claim against discriminatory and abusive conduct constitutes a **protected activity**.
3. Despite my adherence to safety protocols and the legitimate purpose of gathering evidence (a **protected activity**), I was **immediately and specifically targeted, confronted, and disciplined by coach me was** by the manager [ Joey Marquardt ], and Stephanie F. amazon id name stfloree and id number 14178254 ] know as a **Process Assistant lead** regarding my cell phone use. Also Stephanie F. which she was participating menacing, threading, intimidation by verbally attacked me by approaching me with her finger in my face yelling at me on 8/27/2024 around time 11:10pm which they didn't do nothing about. They allow her to stay in her lead position without any consequences but when I apply and I got writing up for failure to follow instruction I wasn't able to move forward in the process. This disciplinary action, which constitutes an **adverse employment action**, occurred precisely at the critical juncture when I was actively engaged in collecting evidence against my harassers. This direct temporal link demonstrates clear **causation**: the **adverse employment action** was taken because of

1 of 14

my **protected activity**.
4. This selective enforcement stands in stark contrast to the **pervasive and unaddressed widespread cell phone usage** by other employees across the floor. I consistently observed numerous coworkers, **on a daily basis and throughout the day**, openly using their personal cell phones and Bluetooth devices directly at their workstations.
5. Management's response to this rampant non-compliance was demonstrably inconsistent: they either **failed entirely to address** these other individuals, or when they did intervene, their actions were minimal, inconsistently applied, and allowed these employees to continue operating within an environment Amazon's own policies would deem unsafe and distracting. This exemplifies a **pattern of disparate treatment**.
6. Amazon's established "Safety procedures
    * Operational guidelines
    * Established protocols
    * Standard procedures" and safety protocols explicitly mandate that any behavior leading to distraction or an unsafe environment must be **immediately halted and rectified** to prevent continuation and to ensure it does not influence other employees. Management **systematically failed to uphold this fundamental standard** for the vast majority of employees, yet aggressively and punitively targeted me for a situation where my cell phone use was for evidence gathering and in a safe area. This **pattern of selective enforcement** clearly constitutes **disparate treatment** and further indicates **retaliation**.
7. To further substantiate this **disparate treatment**, I subsequently collected **photographic and video evidence** of other employees openly using their devices at their stations. This compelling evidence unequivocally demonstrates that management was fully **cognizant of widespread policy violations** by others but **deliberately chose to attack me**, thereby obstructing my ability to gather necessary evidence while condoning the very same or more egregious conduct in others. This action by management is a clear instance of **retaliation, disparate treatment, harassment, bias behavior** for my attempts to document their misconduct.
8. Compounding the targeted discipline, I was subjected to an **ongoing pattern of direct harassment** from both coworkers and leadership. This repeated abusive behavior included: **Physical intrusions:** Employees pushing and bumping into me. **Intimidating gestures:** Leadership personnel putting a finger directly in my face. **Verbal abuse:** Being repeatedly cursed out by "water spiders" and various leadership figures, both verbally and, at times, physically.Throughout these repeated incidents, leadership **consistently failed to intervene or address these issues**, thereby fostering and perpetuating a hostile and abusive work environment. This pervasive inaction constitutes a **pattern of harassment** and a failure to protect employees.

**B. Retaliatory Discipline Related to Process Assistant (PA) Application: An Orchestrated Barrier to Career Advancement**
1. In active pursuit of career development and in direct alignment with Amazon's encouragement for employees to engage with leadership for professional growth, I applied for a Process Assistant position. My engagement with leadership to support my career development constitutes a **protected activity** as it is an encouraged aspect of employee growth.
2. In full transparency on November 16 2024, around time 1:48am I explicitly informed my leadership, specifically **Joseph Fafalios.** of my intention to collect essential data required for my process assistant application. Joseph Fafalios **affirmatively agreed to provide his support** for this endeavor. I now understand this agreement to have been a calculated act of **gaslighting**, designed to mislead me into a vulnerable position.
3. On or about [ November 16 2024], I was duly scheduled to work at the stow station and properly signed into my assigned position around time 1:25am. My strategic plan was to

2 of 14

conduct a comprehensive walk-through to gather **live data from a minimum of 20 individuals**, a critical requirement for demonstrating the practical application of the process assistant role and for validating my analytical capabilities. This data collection was a necessary step in my pursuit of the PA position, furthering my **protected activity** of seeking career advancement.

4. As I commenced my walk-through, Joseph Fafalios began a **deliberate and coordinated effort to relocate employees** away from the 1300 side of the facility, which was my planned area for data collection. This intentional disruption forced me to alter my plans and proceed to the 1200 side to continue my critical data gathering. This deliberate obstruction constitutes an act of **harassment** and **retaliation** aimed at impeding my **protected activity**.

5. Upon observing my presence on the 1200 side, Manager Joseph Fafalios directly confronted me, demanding, "What are you doing over here?" I promptly and clearly responded, "I'm doing my walk-through that I told you about," referencing our prior agreement.

6. Joseph F. then delivered his revealing and contradictory statement: "Oh, I thought you was just going to do that on yourself." This assertion directly contradicted our previous agreement and exposed his true intent to sabotage my efforts.

7. I immediately challenged this blatant inconsistency, stating, "Why would you expect me to do that on myself when you aware that I have to collect at least 20 people for data to make sure it's live and not something that's made up...?" I reiterated the fundamental need for substantive, verifiable data to make my application credible.

8. Joseph Fafalios. responded with escalating hostility, stating, "Well, I expect you to do what I scheduled you to do and that's stow," and then explicitly threatened, "I'm not going to continue to have this conversation with you unless I will have to document it."

9. Recognizing this as an overt attempt to unjustly document me, I immediately asserted my right to self-protection: "Well, if you going to document, well I'm going to document it to protect myself because it seems like you trying to play me right now so therefore I'll be in the cafeteria right." My act of documenting the interaction for self-protection also constitutes a **protected activity**.

10. Approximately November 19 2024, upon my return to work, I was presented with an unjust and retaliatory **write-up for "failure to follow instruction."** This disciplinary action constitutes an **adverse employment action**. It is fundamentally baseless, as I was fully compliant by being at my assigned workstation and engaged in a legitimate activity that Joseph F. had previously, and seemingly disingenuously, approved. His post-hoc claim that he expected me to complete the task "on myself" clearly reveals his intent to engineer my failure and disqualify me.

11. The retaliatory nature of this **adverse employment action** is unequivocally demonstrated by its **immediate and direct correlation to my Process Assistant application disqualification**. My application was summarily declined, and my candidate status was revoked, **precisely at the time this unwarranted write-up was officially submitted** under my name. This undeniable temporal link establishes clear **causation**: the **adverse employment action** (write-up and disqualification) was taken in direct **retaliation** for my **protected activity** (seeking career advancement, challenging Joseph F.'s gaslighting, and documenting the interaction).

12. It is critical to note that at the precise time of my disqualification, Amazon was **still actively accepting applications** for the PA position and had not yet commenced its formal internal review or interview processes. Interviews for this particular application cycle were not slated to begin until "next year of 2025," while this incident occurred at the end of 2024. This undeniable temporal link overwhelmingly indicates that my application was rejected as direct **retaliation** for my actions, rather than due to any legitimate

3 08-14

evaluation of my qualifications. This constitutes a clear **pattern of impeding career advancement** through retaliatory means.

## III. Systemic Patterns of Disparate Treatment, Harassment, Retaliation, and Severe Adverse Impact on Well-being and Performance

1. My individual experiences, as detailed above, are not isolated anomalies but rather integral components of a **systemic and pervasive pattern of disparate treatment, harassment, and retaliation** perpetuated by both Amazon employees and management. This consistent environment of hostility and aggression directly contravenes Amazon's purported commitment to a safe and respectful workplace.

**A. Disparate Treatment and Retaliation in Work Allocation and Safety Enforcement**
1. **Unequal Workload and Productivity Manipulation (Downtime/Easy Work):** Leadership consistently allowed certain individuals to experience significant **downtime** or assigned them demonstrably **easier work** modules. This enabled these individuals to appear productive with inflated numbers while slacking off. Meanwhile, I and others were expected to maintain high productivity with demanding tasks. This manipulation of work assignments and numbers represents a clear **pattern of disparate treatment**, effectively penalizing me and hindering my ability to achieve comparable metrics, which also constitutes **retaliation** for my prior complaints and perceived defiance.
2. **Selective Enforcement of Safety Policies (PPE/Gloves/Helmets):** Amazon's safety protocols regarding Personal Protective Equipment (PPE), including gloves and helmets in specific departments, were applied with gross inconsistency. While I and others were strictly held accountable for wearing required PPE, certain individuals were openly permitted by leadership to disregard these safety measures. This **pattern of selective enforcement** of safety rules demonstrates **disparate treatment** and creates an unsafe environment for compliant employees, as it suggests a two-tiered system of adherence.
3. **Failure to Address Safety Hazards in Common Areas (Ping-Pong Incident):** On multiple occasions, I observed (and was personally endangered by) Asian employees playing ping-pong in the breakroom with excessive force, hitting the ball so hard it resembled "playing tennis." This created a direct safety hazard, as the ball nearly struck other individuals multiple times. I personally almost tripped and injured myself by stepping on a stray ball. When I raised this legitimate safety concern, management's response was dismissive, indicating that since "certain people ain't complaining," they saw no reason to change the policy "just for you because of one person who's complaining." This constitutes a egregious **failure to protect** employees from known hazards, a **pattern of disregarding employee safety concerns**, and demonstrates **disparate treatment** by valuing the convenience of some over the safety of others, implicitly stating my safety was secondary. Their suggestion that I should "wait until they get done" playing just to access a breakroom facility is both unreasonable and highlights their utter disregard for my well-being.

**B. Systemic Harassment and Retaliation through Unethical HR/Leadership Practices**
1. **Unethical HR/Management Intervention and Futile Meeting Proposals:** On [Date of HR/Management Meeting, if known, or "recently"], HR and management convened a meeting with me, feigning concern and a willingness to help. However, it was clear that they possessed the power and ability to resolve my long-standing complaints but deliberately chose not to. Instead of taking action, they proposed a sit-down meeting with Operations Managers Devin and Zanne. This proposal was unethical and disingenuous for several reasons: a. I had already addressed these exact issues with Devin and Zanne on **multiple prior occasions**, and had escalated them to HR on **multiple occasions** as

4 of 14

well, without any resolution. b. It is Amazon's responsibility, after receiving multiple complaints about the same issues, to proactively "stop in to come up with a solution or a plan on how to resolve the issue or take actions on resolving it yourself." Their offer was a tactic to delay and deflect, not resolve. c. This proposal to meet again was a waste of my time, as it was clear the "mediation" was not intended to achieve a solution or for me to gain the training or promotion I was being unfairly denied. The primary intent appeared to be to "use my words against me," rather than to facilitate genuine resolution. d. This behavior from leadership and HR is unethical, demonstrates a **pattern of avoiding accountability**, and constitutes **retaliation** by forcing me into futile processes instead of addressing my legitimate complaints. They are misleading me by acting as if they cannot take action, when they clearly can, as demonstrated by their power to make decisions regarding promotions and training.

**C. Psychological and Professional Adverse Impact of Persistent Discrimination and Retaliation**
1. The cumulative and unrelenting exposure to this **pattern of constant abuse, targeted retaliation, disparate treatment, and lack of support** has had a devastating **adverse impact** on my well-being and, consequently, my job performance. I experienced profound levels of **exhaustion**, a severe depletion of **energy**, and a significant **loss of motivation** to perform my job correctly or to remain focused.
2. This sustained suffering, exacerbated by the **gaslighting**, persistent **bullying**, and constant **excuses** for inaction, led me to question my own worth as an employee. I was made to feel unworthy and that my efforts were not valued. This psychological burden significantly impacted my ability to thrive in the workplace.
3. Despite their taking from me – my time, my energy, my opportunities – I consistently received nothing in return. This one-sided dynamic, where my concerns were dismissed and legitimate grievances ignored, became a core part of my "regular job duties" – constantly seeking explanations and results that other employees were never required to pursue. This continuous distraction and futile effort further drained my resources.
4. In an effort to cope with and resolve these issues, I proactively sought professional help, checking into a **behavioral health program twice**. This demonstrates the severe **adverse impact** Amazon's discriminatory and retaliatory environment had on my mental health, requiring external intervention to manage the stress and find resolution to problems Amazon failed to address.

5 of 14

Sharon Rochelle Birkley

v

AMAZON COM SERVICES LLC

## Protected Activity

I engaged in several protected activities during my employment at Amazon. My race (Black) and sex (female) were the basis for experiencing a biased and hostile work environment, which I documented.
On or about September 4, 2024, around 12:52 a.m., I used my personal cell phone to photograph the stand-up board. This was done in a designated safe zone to collect crucial evidence to identify individuals, including leadership, who were engaged in a pattern of disparate treatment, bias, harassment, and retaliation against me because of my race and sex. This act of gathering evidence for a potential claim of discriminatory and abusive conduct constitutes a protected activity. I also collected photographic and video evidence of other employees openly using their devices at their stations to substantiate the disparate treatment I experienced.
Another protected activity was my engagement with leadership to seek career advancement by applying for a Process Assistant position. I communicated with my leadership, Joseph Fafalios, about my intention to collect essential data for my application, which he affirmatively agreed to support.
Finally, during a hostile interaction with Joseph Fafalios, I asserted my right to self-protection by stating my intention to document our conversation after he threatened to document me. My act of documenting the interaction for self-protection is also a protected activity.

## Adverse Action

I was subjected to adverse employment actions as a result of my protected activities and the ongoing disparate treatment I experienced as a Black female.
For using my cell phone to gather evidence, I was immediately and specifically targeted, confronted, and disciplined by my manager, Joey Marquardt, and Process Assistant lead, Stephanie F.. This disciplinary action constitutes an adverse employment action.
Additionally, after challenging Joseph Fafalios's attempts to sabotage my Process Assistant application, I received an unjust and retaliatory write-up for "failure to follow instruction" on or about November 19, 2024. This disciplinary action is an adverse employment action. This unwarranted write-up was directly followed by the summary rejection of my application and the revocation of my candidate status. This disqualification from career advancement is also a clear adverse employment action.

## Causation

There is a clear link between my protected activities and the adverse actions taken against me. The disciplinary action for my cell phone use occurred precisely at the critical juncture when I was actively engaged in collecting evidence against my harassers. This direct temporal link demonstrates clear causation: the adverse employment action was taken because of my protected activity.
Similarly, the retaliatory nature of the write-up is unequivocally demonstrated by its immediate and direct correlation to my Process Assistant application disqualification. My application was

b of 14

summarily declined precisely when the unwarranted write-up was officially submitted under my name. This undeniable temporal link establishes clear causation: the adverse employment action (write-up and disqualification) was taken in direct retaliation for my protected activity (seeking career advancement, challenging Joseph Fafalios's gaslighting, and documenting the interaction). It is critical to note that at the time of my disqualification, Amazon was still actively accepting applications for the position.

## Exhaustion

The cumulative and unrelenting exposure to a systemic pattern of abuse, targeted retaliation, disparate treatment, and a lack of support has had a devastating adverse impact on my well-being and job performance. I experienced profound levels of exhaustion, a severe depletion of energy, and a significant loss of motivation to perform my job correctly or to remain focused. This sustained suffering, exacerbated by the gaslighting, persistent bullying, and constant excuses for inaction, led me to question my own worth as an employee.
The psychological burden significantly impacted my ability to thrive in the workplace. In an effort to cope with and resolve these issues, I proactively sought professional help and checked into a behavioral health program twice throughout 2023 and 2024, while dealing with the abuse at Amazon. This demonstrates the severe adverse impact the discriminatory and retaliatory environment had on my mental health, requiring external intervention to manage the stress and find resolution to problems Amazon failed to address.

EEOC Form 5 (07/24)

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974.
See attached Privacy Act Statement and other information before completing this form.

| CHARGE PRESENTED TO: | AGENCY CHARGE NO. |
|---|---|
| EEOC | 443-2024-04015 |
| Wisconsin Equal Rights Division | |

Name (indicate Mr., Ms., Mrs., Miss, Mx., Dr., Hon., Rev.): Sharon R. Birkley
Home Phone: 414-940-2378
Year of Birth: 1983
Street Address: 117A E Wisconsin Avenue
OCONOMOWOC, WI 53066

Named below is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency that I believe discriminated against me or others.
Name: Amazon
No. Employees, Members: 101 - 200 Employees
Phone No.: (262) 746-2600
Street Address: W232 N2950 Roundy Circle E

PEWAUKEE, WI 53072

Name:
No. Employees, Members:
Phone No.:
Street Address:

DISCRIMINATION BASED ON:
National Origin, Race, Retaliation, Sex

DATE(S) DISCRIMINATION TOOK PLACE
Earliest: 06/16/2023
Latest: 09/27/2024
Continuing Action

THE PARTICULARS ARE:
I began my employment with Respondent on June 16, 2023, as a Warehouse Fulfillment worker. On or about January 3, 2024, and April 18, 2024, I was harassed by an employee. I reported it to my supervisor and to Human Resources and was told that there was no violation of the Respondent's harassment policy. I have been verbally counselled for violating the Respondent's cellphone policy with respect to making audio recordings of harassing remarks throughout my workday for proof and to protect myself. I've also been counseled for taking photos of employees' names on our stand up board to assist in identifying the harassers. I have made multiple complaints through September 2024 to include, but not limited to, being targeted with counseling; being subjected to offense conduct with respect to employees kissing; having coworkers yell at me and aggressively slam things when loading my belt; and observing an operations manager threaten a black male with discipline for wearing a Bluetooth device while several Hispanic, Asian, Indian, and white employees nearby were not threatened or even spoken to for also doing so.

I believe I have been discriminated against because of my race (Black), national origin (African American), sex (Female), and in retaliation for engaging in protected activity, in violation of Title VII of the Civil Rights Act of 1964, as amended.

Page 1 of 3

Case 2:25-cv-01186-NJ    Filed 08/11/25    Page 13 of 20    Document 1

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct.

Digitally Signed By: Sharon R. Birkley
10/04/2024

Charging Party Signature & Date

NOTARY – When necessary for State and Local Agency Requirements

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information, and belief.

Signature of Complainant

Subscribed and sworn to before me this date: _____

## Privacy Act Statement

Under the Privacy Act of 1974, Pub. Law 93-579, authority to request personal data and its uses are:

1. **Form Number/Title/Date.** EEOC Form 5, Charge of Discrimination (06/24).
2. **Authority.** 42 U.S.C. 2000e-5(b), 29 U.S.C. 211, 29 U.S.C. 626, 42 U.S.C. 12117, 42 U.S.C. 2000ff-6.
3. **Principal Purposes.** The purposes of a charge, taken on this form or otherwise reduced to writing (whether later recorded on this form or not) are, as applicable under the EEOC anti-discrimination statutes (EEOC statutes), to preserve private suit rights under the EEOC statutes, to invoke the EEOC's jurisdiction and, where dual-filing or referral arrangements exist, to begin state or local proceedings.
4. **Routine Uses.** This form is used to provide facts that may establish the existence of matters covered by the EEOC statutes (and as applicable, other federal, state or local laws). Information given will be used by staff to guide its mediation and investigation efforts and, as applicable, to determine, conciliate and litigate claims of unlawful discrimination. This form may be presented to or disclosed to other federal, state or local agencies as appropriate or necessary in carrying out EEOC's functions. A copy of this charge will ordinarily be sent to the respondent organization against which the charge is made.
5. **Whether Disclosure is Mandatory; Effect of Not Giving Information.** Charges must be reduced to writing and should identify the charging and responding parties and the actions or policies complained of. Without a written charge, EEOC will ordinarily not act on the complaint. Charges under Title VII, the ADA or GINA must be sworn to or affirmed (either by using this form or by presenting a notarized statement or unsworn declaration under penalty of perjury); charges under the ADEA should ordinarily be signed. Charges may be clarified or amplified later by amendment. It is not mandatory that this form be used to make a charge.

## Notice of Right to Request Substantial Weight Review

Charges filed at a state or local Fair Employment Practices Agency (FEPA) that dual-files charges with EEOC will ordinarily be handled first by the FEPA. Some charges filed at EEOC may also be first handled by a FEPA under worksharing agreements. You will be told which agency will handle your charge. When the FEPA is the first to handle the charge, it will notify you of its final resolution of the matter. Then, if you wish EEOC to give Substantial Weight Review to the FEPA's final findings, you must ask us in writing to do so *within 15 days* of your receipt of its findings. Otherwise, we will ordinarily adopt the FEPA's finding and close our file on the charge.

## Notice of Non-Retaliation Requirements

Please **notify** EEOC or the state or local agency where you filed your charge **if retaliation is taken against you or others** who oppose discrimination or cooperate in any investigation or lawsuit concerning this charge. Under Section 704(a) of Title VII, Section 4(d) of the ADEA, Section 503(a) of the ADA, Section 207(f) of GINA, and 42 USC 2000gg-2(f)(1) of the PWFA it is unlawful for an *employer* to discriminate against present or former employees or job applicants, for an *employment agency* to discriminate against anyone, or for a *union* to discriminate against its members or membership applicants, because they have opposed any practice made unlawful by the statutes, or because they have made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under the laws. The Equal Pay Act has similar provisions and Section 503(b) of the ADA prohibits coercion, intimidation, threats or interference with anyone for exercising or enjoying, or aiding or encouraging others in their exercise or enjoyment of, rights under the Act.

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

Milwaukee Area Office
310 West Wisconsin Avenue, Suite 500
Milwaukee, WI 53203
(800) 669-4000
Website: www.eeoc.gov

## DISMISSAL AND NOTICE OF RIGHTS
(This Notice replaces EEOC FORMS 161, 161-A & 161-B)

Issued On: May 12, 2025

**To:** Sharon R. Birkley
117A E. Wisconsin Ave.
Oconomowoc, WI 53066

Charge No: 443-2024-04015

EEOC Representative and email:    MONICA LOZER
Investigator
monica.lozer@eeoc.gov

---

### DISMISSAL OF CHARGE

The EEOC has granted your request for a Notice of Right to Sue, and more than 180 days have passed since the filing of this charge.

The EEOC is terminating its processing of this charge.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file a lawsuit based on this charge, please sign in to the EEOC Public Portal and upload the court complaint to charge 443-2024-04015.

On behalf of the Commission,

*Amrith Aakre/NK*
Amrith Aakre
District Director

11 08 14

Cc:

**AMAZON**
Stacey Smiricky
Faegre Drinker Biddle & Reath
320 S. Canal St. Suite 3300
Chicago, IL 60606

Please retain this notice for your records.

12 08 14

Enclosure with EEOC Notice of Closure and Rights (01/22)

# INFORMATION RELATED TO FILING SUIT
# UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court **under Federal law**. If you also plan to sue claiming violations of State law, please be aware that time limits may be shorter and other provisions of State law may be different than those described below.)*

### IMPORTANT TIME LIMITS – 90 DAYS TO FILE A LAWSUIT

If you choose to file a lawsuit against the respondent(s) named in the charge of discrimination, you must file a complaint in court **within 90 days of the date you *receive* this Notice**. Receipt generally means the date when you (or your representative) opened this email or mail. You should **keep a record of the date you received this notice**. Once this 90-day period has passed, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and the record of your receiving it (email or envelope).

If your lawsuit includes a claim under the Equal Pay Act (EPA), you must file your complaint in court within 2 years (3 years for willful violations) of the date you did not receive equal pay. This time limit for filing an EPA lawsuit is separate from the 90-day filing period under Title VII, the ADA, GINA, the ADEA, or the PWFA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA, the ADEA or the PWFA, in addition to suing on the EPA claim, your lawsuit must be filed within 90 days of this Notice and within the 2- or 3-year EPA period.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Filing this Notice is not enough. For more information about filing a lawsuit, go to https://www.eeoc.gov/employees/lawsuit.cfm.

### ATTORNEY REPRESENTATION

For information about locating an attorney to represent you, go to:
https://www.eeoc.gov/employees/lawsuit.cfm.

In very limited circumstances, a U.S. District Court may appoint an attorney to represent individuals who demonstrate that they are financially unable to afford an attorney.

### HOW TO REQUEST YOUR CHARGE FILE AND 90-DAY TIME LIMIT FOR REQUESTS

There are two ways to request a charge file: 1) a Freedom of Information Act (FOIA) request or 2) a "Section 83" request. You may request your charge file under either or both procedures. EEOC can generally respond to Section 83 requests more promptly than FOIA requests.

Since a lawsuit must be filed within 90 days of this notice, please submit your FOIA and/or Section 83 request for the charge file promptly to allow sufficient time for EEOC to respond and for your review.

**To make a FOIA request for your charge file**, submit your request online at https://eeoc.arkcase.com/foia/portal/login (this is the preferred method). You may also submit a FOIA request for your charge file by U.S. Mail by submitting a signed, written request identifying your request as a "FOIA Request" for Charge Number 443-2024-04015 to the

13 of 14

District Director at Amrith Kaur Aakre, 230 S Dearborn Street , Chicago, IL 60604.

**To make a Section 83 request for your charge file**, submit a signed written request stating it is a "Section 83 Request" for Charge Number 443-2024-04015 to the District Director at Amrith Kaur Aakre, 230 S Dearborn Street , Chicago, IL 60604.

You may request the charge file up to 90 days after receiving this Notice of Right to Sue. After the 90 days have passed, you may request the charge file only if you have filed a lawsuit in court and provide a copy of the court complaint to EEOC.

For more information on submitting FOIA requests, go to https://www.eeoc.gov/eeoc/foia/index.cfm.

For more information on submitted Section 83 requests, go to https://www.eeoc.gov/foia/section-83-disclosure-information-charge-files.

14 of 14

Relief: → monetary Damages, compensatory damages of emotional distress and other harm punitive damages Relief to prevent further discrimination Coverage for medical expenses related to the emotional distress Caused by the defendants actions Process Assistance also Equitable Relief guide/same day if possible

## VI. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A. For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: 08/11/2025

Signature of Plaintiff: Sharon Rochelle Birkley
Printed Name of Plaintiff: Sharon Rochelle Birkley

### B. For Attorneys

Date of signing: _____

Signature of Attorney: _____
Printed Name of Attorney: _____
Bar Number: _____
Name of Law Firm: _____
Street Address: _____
State and Zip Code: _____
Telephone Number: _____
E-mail Address: _____