UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

SHARON ROCHELLE BIRKLEY,

    **Plaintiff,**

  v.              Case No. 25-C-1186

AMAZON.COM SERVICES LLC,

    **Defendant.**

---

### DECISION AND ORDER GRANTING-IN-PART AND DENYING-IN-PART DEFENDANT'S MOTION TO DISMISS

---

  On August 11, 2025, Plaintiff Sharon Rochelle Birkley, proceeding *pro se*, brought this action against Defendant Amazon.com Services LLC, alleging employment discrimination based on her race (Black), color (skin tone), and gender/sex (female) in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* The case is before the court on Amazon's motion to dismiss. Dkt. No. 9. For the reasons that follow, Amazon's motion to dismiss will be granted-in-part and denied-in-part.

### ALLEGATIONS OF THE COMPLAINT

  As is required in deciding a motion to dismiss, the court accepts the following facts in Plaintiff's complaint as true and views them in the light most favorable to her. *Killingsworth v. HSBC Bank Nev., N.A.*, 507 F.3d 614, 618 (7th Cir. 2007).

  Plaintiff began working for Amazon in June of 2023. Compl. at 6, Dkt. No. 1. Plaintiff alleges discrimination based on Amazon's failure to promote her, retaliation, "discriminatory-disparate treatments bias," harassment, and "hostile work environment." *Id.* at 4. She alleges that, around September 4, 2024, she used her cell phone to take pictures of a "stand-up board" in a

common area of her work facility that contained evidence of fellow employees and supervisors that engaged in unacceptable behavior towards her. *Id.* She does not say what that evidence was, however. She describes her data-gathering efforts as the first of several "protected activities" detailed in her complaint, but again does not say what data she was gathering. *Id.* A supervisor disciplined her for her cell phone use, despite what Plaintiff described as pervasive cell phone usage by other employees. *Id.* at 6–7. She alleges that management consistently failed to meet established safety procedures and operational guidelines, including management failing to address other employees physically and verbally abusing Plaintiff. *Id.* at 7.

Plaintiff goes on, alleging that she applied for a Process Assistant position. *Id.* On November 16, 2024, she informed a supervisor, Joseph Fafalios, of her intentions to "collect essential data" required for her application—pursuing the Production Assistant position is another activity that Plaintiff described as "protected." *Id.* at 7–8. Plaintiff's data collection efforts required gathering "live data from a minimum of 20 individuals." *Id.* at 8. However, as she walked around the facility, she alleges that Mr. Fafalios relocated other employees and subverted her efforts to "collect data." *Id.* Later, Mr. Fafalios told Plaintiff that he thought she was "just going to do that on yourself," without involving other employees. *Id.* Mr. Fafalios instructed Plaintiff to return to the work for which she was scheduled (stowing), and that he would document the interaction. *Id.* Plaintiff alleges that she told Mr. Fafalios she intended to document their interaction—another "protected activity"—as well, for her own protection. *Id.*

Plaintiff further alleges other "systemic patterns of disparate treatment" by Amazon that she suffered: (1) she was given more demanding tasks and expected to maintain higher productivity; (2) she was required to adhere to higher "Personal Protective Equipment" requirements, such as wearing gloves and a helmet, than her fellow employees; (3) Amazon failed

2

to address Plaintiff's complaint about other employees playing ping-pong in a dangerous way in the break room; and (4) Amazon retaliated against her by "forcing" her to have a meeting with HR and management to discuss her concerns. *Id.* at 9–10.

Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission on October 4, 2024. Plaintiff's Right-to-Sue letter was issued on May 12, 2025.

## LEGAL STANDARD

Defendant moves for dismissal under Fed. R. Civ. P. 12(b)(6). Motions to dismiss brought under Rule 12(b)(6) test the sufficiency of the complaint to state a claim upon which relief can be granted. *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990); *see* Fed. R. Civ. P. 12(b)(6). Rule 8(a) of the Federal Rules of Civil Procedure requires a complaint to contain: "(1) a short and plain statement of the grounds for the court's jurisdiction . . . ; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief." Fed. R. Civ. P. 8(a). The Federal Rules of Civil Procedure were viewed as establishing "a system of notice pleading rather than of fact pleading . . . ." *Brownlee v. Conine*, 957 F.2d 353, 354 (7th Cir. 1992). Thus, courts had long held that "[a]ll the complaint need do to withstand a motion to dismiss for failure to state a claim is outline or adumbrate a violation of the statute or constitutional provision upon which the plaintiff relies . . . and connect the violation to the named defendants . . . ." *Id.* (cleaned up).

In *Bell Atlantic Corp. v. Twombly*, an anti-trust conspiracy case, the Court adopted a more stringent pleading standard in an effort to limit the increasing costs of federal litigation, and discovery in particular, to which the simple filing of a complaint opens the door. 550 U.S. 544, 558–60 (2007). The Court held that "while a complaint attacked by a Rule 12(b)(6) motion to

dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . ." *Id.* at 555 (cleaned up). Instead, the Court continued, the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.*

In *Ashcroft v. Iqbal*, the Court applied the same pleading standard to a *Bivens* action brought by a Pakistani Muslim against the Attorney General and other federal officers for alleged violations of his constitutional rights in the aftermath of the September 11, 2001, terrorist attacks on the country. 556 U.S. 662, 667–69 (2009). *Iqbal* held that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 570). Elaborating further on that standard, *Iqbal* stated "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The Court highlighted "two working principles" underlying its decision: "First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* The second principle, the Court explained, is that "only a complaint that states a plausible claim for relief survives a motion to dismiss. . . . [W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'— 'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

The Seventh Circuit has made clear, however, that *Iqbal*'s more stringent pleading standard is not the standard that applies in employment discrimination cases:

> Even after [*Twombly* and *Iqbal*], a complaint in federal court pleads claims, not facts. A claim must be plausible, but it need not supply the specifics required at the summary-judgment stage. So the Supreme Court said in *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506 (2002), which holds that fact pleading to show a prima facie case is not needed in an employment-discrimination case. Neither *Twombly* nor *Iqbal* questions the continuing force of *Swierkiewicz*. It is enough for a plaintiff to assert that she was treated worse because of protected characteristics.

*Graham v. Bd. of Educ.*, 8 F.4th 625, 627 (7th Cir. 2021). Thus, in an employment discrimination action, a complaint is sufficient if it provides defendants with "sufficient notice to enable [them] to begin to investigate and prepare a defense." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1085 (7th Cir. 2008).

It is also important to note that Plaintiff is proceeding *pro se*. "District courts have a special responsibility to construe *pro se* complaints liberally and to allow ample opportunity for amending the complaint when it appears that by so doing the *pro se* litigant would be able to state a meritorious claim." *Donald v. Cook Cnty. Sheriff's Dep't*, 95 F.3d 548, 555 (7th Cir. 1996); *see also Palmer v. City of Decatur*, 814 F.2d 426, 428–29 (7th Cir. 1987) (It is the "well-established duty of the trial court to ensure that the claims of a *pro se* litigant are given a fair and meaningful consideration."). To liberally construe the pleadings is "to give a *pro se* plaintiff a break when, although [s]he stumbles on a technicality, h[er] pleading is otherwise understandable." *Hudson v. McHugh*, 148 F.3d 859, 864 (7th Cir. 1998)

## ANALYSIS

Under the more stringent pleading standard of *Twombly* and *Iqbal*, Plaintiff's complaint would fail. Stripped of legal conclusions and conclusory allegations, the complaint catalogues a litany of workplace frustrations, but none of them are of the type proscribed by Title VII. The complaint dedicates considerable space, for example, to describing what Plaintiff describes as the "protected activity" of "gathering evidence" and "documenting" Amazon's inconsistent

enforcement of its policies, including cell phone usage, communication between employees, use of common spaces, and recreational activities such as ping-pong. Compl. at 6–7. She also describes the "protected activity" of "seeking career advancement" and Amazon's purported attempts to thwart her efforts. *Id.* at 7–8. Finally, Plaintiff describes a "systemic pattern[] of disparate treatment, harassment, retaliation, and severe adverse impact on well-being and performance," alleging that Amazon treated certain employees differently in the areas of work assignments, safety policies, and "safety hazards in common areas." *Id.* at 9–10. However, and importantly, she does not state the races or sexes of those other employees, nor does she allege any facts that connect her own race or sex to Amazon's alleged disparate treatment.

Other than "checking the boxes" on the standard form stating that "Defendant(s) discriminated against [her] based on [her] race, color, and gender/sex," she does no more to "explain . . . how she was aggrieved and what facts or circumstances lead her to believe her treatment was *because of* her membership in a protected class." *Kaminski v. Elite Staffing, Inc.*, 23 F.4th 774, 777–78 (7th Cir. 2022). But under the pleading standard for Title VII employment discrimination cases, detailed factual allegations are not required; only notice. And a complaint is sufficient if it provides the defendant with "sufficient notice to enable him to begin to investigate and prepare a defense." *Tamayo*, 526 F.3d at 1085.

Though her allegations appear confused and unclear, Plaintiff asserts in her complaint that "she was treated worse because of protected characteristics" *Graham*, 8 F.4th at 627, in three respects. First, she alleges that she was subjected to a "hostile work environment" and "harassment." Compl. at 6. While the factual allegations describing the conditions that Plaintiff believes constitute a hostile work environment or harassment are confusing and vague, she is not required to plead facts; just give notice. And under current circuit law, a Title VII plaintiff need

6

only show some harm respecting an identifiable term or condition of employment. A plaintiff does not have to show "that the harm incurred was 'significant' . . . [o]r serious, or substantial, or any similar adjective suggesting that the disadvantage to the employee must exceed a heightened bar." *Graham*, 8 F.4th at 1337; *see also Thomas v. JBS Green Bay, Inc.*, 120 F.4th 1335, 1337 (7th Cir. 2024) ("Complaints must allege some injury (otherwise the plaintiff lacks standing), but they need not narrate the quantum of injury. That's for a later stage.").

The complaint also alleges that Amazon retaliated against Plaintiff for the protected conduct she took in the form of trying to document the disparate treatment to which she claims she was subjected. Again, Plaintiff does not say exactly what was done to her in retaliation for the conduct she claims was protected, nor does she clearly allege sufficient facts to show her conduct was indeed protected. But these, again, are factual omissions that Amazon can learn through discovery.

Finally, Plaintiff appears to allege that she was denied a promotion to the position of Process Assistant. Compl. at 8. Amazon opposes this claim on exhaustion grounds. A Title VII plaintiff may bring only those claims that (1) were included in his EEOC charge, or (2) are "like or reasonably related to the allegations of the charge and growing out of such allegations." *Swearnigen–El v. Cook Cnty. Sheriff's Dep't*, 602 F.3d 852, 864 (7th Cir. 2010). The purpose of this requirement is to give employers warning of the claims brought against them and permit the agency and employer to resolve the claims without resort to the courts. *Rush v. McDonald's Corp.*, 966 F.2d 1104, 1110 (7th Cir. 1992). A denial of promotion claim is different that hostile workplace and retaliation claims, and gives rise to different remedies. It thus is "not like or reasonably related to the allegations of the charge and growing out of such allegations." In fact, the failure to promote occurred more than a month after Plaintiff filed her EEOC charge. Having

7

failed to exhaust her failure to promote claim, Plaintiff may not pursue it in this action. Accordingly, Amazon's motion to dismiss will be granted as to that claim alone.

The motion is denied however as to the hostile work environment and retaliation claims. The complaint meets the minimal standard that applies to Title VII employment discrimination claims, and the doors of discovery must therefore be opened. If Amazon nevertheless believes that Plaintiff lacks the evidence needed for the case to proceed to trial, an early motion for summary judgment pursuant Fed. R. Civ. P. 56 may be in order. The parties may wish to consider the court's "Streamlined Summary Judgment" procedure described in the "Instructions for Litigants" under the tab for Senior District Judge William C. Griesbach at the website for the United States District Court for the Eastern District of Wisconsin, https://www.wied.uscourts.gov/judges/william-c-griesbach. For now, however, the case will proceed.

## CONCLUSION

For the above reasons, Amazon's motion to dismiss (Dkt. No. 9) is **GRANTED-IN-PART** and **DENIED-IN-PART**. The Clerk is directed to set this matter on the court's calendar for a Rule 16 telephone scheduling conference.

**SO ORDERED** at Green Bay, Wisconsin this 1st day of December, 2025.

_____
William C. Griesbach
United States District Judge